## MANN v. CITY OF BROOKLYN.

*(Supreme Court, General Term, Second Department. February 8, 1892.)*

1. APPEAL—WEIGHT OF EVIDENCE.
   Where, in an action against a city upon bonds issued by it, the whole question in dispute was whether plaintiff was or was not a *bona fide* holder of the bonds for value, the finding of the jury, upon conflicting evidence, will not be reversed on appeal.

2. SAME—GENERAL OBJECTIONS TO CHARGE.
   Exceptions to a charge which are so general as to fail to raise any material point wherein the party excepting was prejudiced will not be considered on appeal.

3. SAME—REFUSAL OF INSTRUCTIONS REQUESTED.
   Refusing to give instructions which were covered substantially by the charge given is not ground for reversal.

Appeal from circuit court, Kings county.

Action by William B. Mann against the city of Brooklyn upon water loan bonds. Defendant claimed that the bonds had been stolen from one Charles Jansen, who, on proving his loss, had been paid the amount of such bonds. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Almet F. Jenks*, (*Horace Graves*, of counsel,) for appellant. *James W. Ridgway*, (*Henry B. Twombly*, of counsel,) for respondent.

PRATT, J. This case in its trial involved only one question of fact about which there could be any substantial dispute, to-wit, whether the plaintiff purchased the bonds in question for full value and before due, without any notice of infirmity of the title to them in the person from whom he purchased them,—or, in other words, we will, in place of the last clause, say, without any notice whatever that the bonds had been stolen,—or was an innocent purchaser for value. This question could only be determined by a jury, and, even though the decision of that tribunal was different from what we would

have found on the whole evidence, we are not at liberty to set it aside if there is sufficient evidence to support it. The testimony was somewhat conflicting, and we are not able to say that it was not quite equally balanced; indeed, it was one of those cases where different men of honesty and intelligence might have drawn different conclusions from the evidence as to the issue presented. It is not necessary, therefore, to pass upon the question raised by the plaintiff in his brief, based upon the fact that there appears to be no order denying a new trial upon the minutes or exception to the granting of such an order. We think the charge was accurate in law, and clearly and fairly presented the issue upon the facts to the jury. The exceptions taken by defendant from 1 to 13, inclusive, do not appear to be now urged upon the defendant's brief; but, if we are to consider them, they are either without merit in fact, or are so general as to fail to raise any material point wherein the defendant was prejudiced. The exceptions to request to charge from 1 to 4, inclusive, have no merit, and were either covered by the charge, or related to matters clearly within the province of the jury to decide. The fifth request was also fairly covered by the charge. The seventh and eighth requests were not warranted by the state of the evidence. The same is true of the ninth request. The tenth was charged, and the eleventh was properly refused, and so of the twelfth; besides, it was substantially charged. We have carefully examined all the exceptions, and find none that contain any error sufficient to warrant a reversal of the judgment. Judgment affirmed, with costs. All concur.